IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DANNY L. REEVES,

       Petitioner,

v.                                                                          CASE NO. 1:06-cv-00125-MP-AK

JAMES R. MCDONOUGH,

       Respondent.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 1, Petition for Writ of Habeas Corpus, filed by

Danny L. Reeves.  Petitioner has paid the $5.00 filing fee.  Though Petitioner has been released

from custody, he remains under supervision, *see* www.dc.state.fl.us, and thus, the "in custody"

requirement is fulfilled, and this cause is not moot.  Respondent has filed a response, Docs. 16 &

17, and Petitioner has filed a reply.  Doc. 18.  Petitioner has also submitted supplemental

authority.  Doc. 21.  This cause is therefore in a posture for decision.  Having carefully

considered the matter, the Court recommends that the petition be denied.

## BACKGROUND

Petitioner was convicted by a jury of misdemeanor battery, showing obscene material to

a minor less than 12 years of age, and lewd and lascivious molestation of a minor less than 12

years of age by a person 18 years of age or older.  He was sentenced to five years imprisonment

on the obscene material conviction and 80 months on the lewd and lascivious conviction.  He

was also given 10 years of sexual offender probation.  Doc. 17, Ex. B & C.

Petitioner appealed, raising two issues: (1) whether the court erred in limiting his cross-examination of the child regarding prior allegations of sexual abuse against her father and statements she made about seeing Jesus, and (2) whether the court erred in admitting into evidence a videotaped interview of the child by a member of the child protection team.  Doc. 17, Ex. D.  The appellate court rejected "without further comment" the issue regarding the interview.  Doc. 17, Ex. E.  As to the issue regarding the allegedly false allegations of prior sexual abuse, the court declined to recognize an exception to the general rule that a witness' credibility cannot be attacked by proof that the witness has committed prior acts of misconduct which bear on her truthfulness because the child had not recanted her accusations against her father.  As to the issue related to statements the child made in a deposition that "when she told her mother what had happened to her, she saw Jesus standing in the room, demons were cast out of her, and she rolled on the floor and 'spit out the evil that Uncle Dan [the appellant] put in me,'" the court found that the trial court did not abuse its discretion by refusing to allow Petitioner to cross-examine the child on these statements.  *Id*.  In reaching that conclusion, the court reasoned that merely because Petitioner "considered seeing Jesus to be so unconventional or unusual so as to be 'fantasy,' the Florida evidentiary statute at issue did not "permit evidence to be admitted that discloses the witness's practice of 'unconventional or unusual religion.'" *Id*.

Petitioner then filed a motion for post-conviction relief.  By amended motion, he raised ten claims of ineffective assistance of counsel: (1) failure of counsel to move for judgment of acquittal on the lewd and lascivious molestation charge based on the State's failure to prove that Petitioner was at least 18 years old at the time of the alleged molestation; (2) failure to object to admission of obscene materials and to move for a judgment of acquittal on the obscene material

charge on the ground that the child failed to identify the obscene material as the material shown

to her; (3) failure to object to findings regarding the child's competency and the reliability of

hearsay and to move for a judgment of acquittal on "insufficiency of victim age element"; (4)

failure to "defend on evidence establishing a motive for child victim to fantasize charges"; (5)

failure to object to closure of the courtroom during the child's testimony; (6) failure to present

reverse Williams Rule evidence and to object to court's exclusion of such evidence on the

ground that the evidence was relevant to establish motive; (7) failure properly to argue motion in

limine under Florida law; (8) failure to impeach victim with prior inconsistent statements; (9)

failure to request a hearing under Florida law and move for exclusion of Petitioner's alleged

admission; and (10) failure to make proper objections to prosecutorial misconduct and move for

mistrial.  Doc. 17, Ex. I.

Citing *Strickland*, the court considered each of Petitioner's claims.  As to the first claim,

the court found that Petitioner's trial testimony established that he was over 18 years old (he had

lived in Florida for 20 years, and his oldest son was 31 years old), and thus, counsel "cannot be

deemed ineffective for failing to raise a nonmeritorious claim."  Doc. 17, Ex. J.  As to the second

claim, the court noted that Petitioner "ignores the fact that a stipulation was entered into wherein

the parties agreed to the obscene nature of the video and [Petitioner] advised the Court that he

concurred with the stipulation" and that counsel had agreed to the "element of the video being

obscene so that the State would not show the video to the jury during trial.  *Id*.  The court found

this to be a tactical decision with which Petitioner agreed, and therefore, the claim was without

merit.  *Id*.

The court also found the third claim of ineffectiveness without merit, concluding that the

issues related to the introduction of the videotape, including its reliability and the child's

competency, had been raised and rejected on appeal.  As to Petitioner's suggestion that the court

should have recused itself during trial, the post-conviction court determined that the court's

decision regarding introduction of the videotape was based on the "totality of the circumstances"

as required by the statute.  *Id*.  As to the fourth claim, the court found that the issue of "motive

for the child victim to fantasize her allegations" was "presented to the jury and based on the

verdict the jury obviously rejected counsel's suggestion that the victim's story was fabricated."

With regard to the fifth claim, the court held that the record showed that the courtroom was

closed during the child's testimony in accordance with Florida statutory requirements, and

therefore, counsel was not ineffective for failing to object to a statutory requirement.  *Id*.

The court rejected grounds 6 and 7 as an attempt to relitigate prior rulings which had

been attacked unsuccessfully on appeal "under the guise of ineffective assistance of counsel."

*Id*.  In finding the eighth claim without merit, the court reminded Petitioner that he had in fact

been convicted only on two of the three charged counts and was convicted of a lesser included

offense on one count.  *Id*.  He therefore had not demonstrated "how Trial Counsel's performance

was deficient or that he was prejudiced in any way."  *Id*.  As to the ninth claim, the court found

that Petitioner had "failed to demonstrate or even allege a factual basis for the exclusion of his

statements" to law enforcement and that counsel "cannot be deemed ineffective for failing to

raise a non-meritorious claim."  *Id*.  Finally, the court held that the record showed that counsel's

performance was not deficient where he successfully objected to the prosecutor's questions and

then on redirect "had [Petitioner] explain his conversation with [the agent] wherein he denied

ever touching the child's genitalia."  *Id*.

Petitioner appealed this decision, which was affirmed.  *Reeves v. State*, 931 So.2d 907

(Fla. Dist. Ct. App. 2006).

The instant petition followed.  On this occasion, Petitioner raises the same ten grounds of

ineffective assistance of counsel which he raised in his post-conviction motion.

## DISCUSSION

Under 28 U.S.C. § 2254, a federal court may grant habeas corpus relief only if the state

court adjudication

> (1)      resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme
> Court of the United States; or
>
> (2)      resulted in a decision that was based on an unreasonable determination of
> the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause of § 2254(d), "a federal habeas court may grant the writ if

the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a

question of law or if the state court decides a case differently than [the Supreme] Court has on a

set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  "A

state-court decision will certainly be contrary to...clearly established precedent if the state court

applies a rule that contradicts the governing law set forth in [Supreme Court] cases."  *Williams*,

529 U.S. at 405.  A state-court decision will also be contrary to clearly established Supreme

Court precedent "if the state court confronts a set of facts that are materially indistinguishable

from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the

Court's] precedent."  *Id*. at 406.

Under the "unreasonable application" clause of § 2254(d), "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court considering a habeas petition "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 412.

Settled circuit court precedent interpreting Supreme Court decisions is not determinative of clearly established federal law. Instead, this Court must look to the specific holdings of Supreme Court cases themselves. If the Supreme Court has not issued a specific holding on the issue at hand, then the state court's decision is not contrary to or an unreasonable application of clearly established federal law. *Carey v. Musladin*, ____ U.S. ____, 127 S.Ct. 649, 654, 166 L.Ed. 2d 482 (2006).

Further, in reviewing the decision of the state court, this Court must presume that the state court's factual determinations are correct, and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Parker v. Head*, 244 F.3d 831, 835-36 (11th Cir. 2001).

The fact that the appellate court does not write "an opinion that explains the state court's rationale," does not detract from the deference owed to that court's decision. *Wright v. Secretary for the Department of Corrections*, 278 F.3d 1245,1255 (11th Cir. 2002). Under § 2254, the Court is to focus on the result of the state proceeding, not the reasoning underlying it, since all that is required for a state-court adjudication on the merits is a rejection of a claim on the merits,

not an explanation. *Id*. at 1254-55.

Furthermore, a habeas petition grounded on issues of state law provides no basis for

habeas relief, as a violation of a state statute or rule of procedure is not, in itself, a violation of

the federal constitution. *Engle v. Isaac*, 456 U.S. 107, 119, 102 S.Ct. 1558, 1567, 71 L.Ed.2d

783 (1982); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1989). This limitation on federal

habeas review applies equally when a petition which truly involves only state law issues is

couched in terms of alleged constitutional violations. *Branan*, 861 F.2d at 1508; *see also*

*Johnson v. Rosemeyer*, 117 F.3d 104, 110 (3rd Cir. 1997) (errors of state law cannot be

repackaged as federal errors simply by citing the United States Constitution).

      1.      Failure to move for judgment of acquittal based on State's failure to prove
              Petitioner's age.

This claim was rejected by the state court based on the record which showed that

Petitioner himself provided this element of lewd and lascivious molestation during his testimony.

Even if counsel had moved for judgment of acquittal on this issue, there is not a reasonable

probability that the court would have granted the motion on this ground, as the evidence could

easily have been reopened to establish Petitioner's age, a fact to which counsel would likely have

agreed given the fact that Petitioner was well over the age of 18 at the time of the alleged

molestation. The state court's decision was therefore not contrary to or an unreasonable

application of *Strickland*.

      2.      Failure to object to admission of obscene materials and to move for judgment of
              acquittal on ground that victim did not identify material as that shown to her by
              Petitioner.

As the state court found, the record supports the fact that Petitioner concurred in the

stipulation regarding the obscene nature of the videotape; thus, counsel did not render deficient

performance in failing to object to the admission of the tape on this ground.  Without a doubt, the

stipulation was a tactical decision on counsel's part to minimize the impact of a potentially

inflammatory piece of evidence.  Furthermore, the victim told the child protection investigator

that the video that Petitioner showed her involved adults engaging in various sexual acts while

other adults watched and that they watched the video in Petitioner's bedroom.  During the search

of Petitioner's home, a videotape entitled *Gang Bang Girl No. 17* was recovered from

Petitioner's bedroom, and one of the investigating officers testified that the video included "a

scene in which men and women are watching other people perform sexual acts," including "oral

intercourse and vaginal intercourse."  Doc. 17, Ex. B.  When taken together, this testimony was

sufficient, taken in the light most favorable to the State, to submit to the jury the charge of

showing obscene material to a minor, and thus, there is not a reasonable probability that the court

would have granted a judgment of acquittal on this charge even if the motion had been made.

Besides, showing the videotape to the child would have eviscerated the very purpose of the

stipulation.  Counsel was therefore not ineffective with regard to the handling of the videotape.

> 3.   Failure to object to child competency findings and hearsay reliability findings and to move for judgment of acquittal on insufficiency of victim's age.

There was no genuine issue as to the child's age being less than 12 years old at the time

of the incidents at issue, and thus, counsel's failure to move for judgment of acquittal on this

ground was not deficient.  Even if he should have made such a motion on this basis, there is no

probability that the court would have acquitted him on this ground, since the evidence would

have been easily reopened to clarify the child's age.  Furthermore, as the court found, counsel

raised the propriety of admission of the videotape of the interview with the child protection

investigator both at trial and on appeal.  Counsel cannot be faulted for failing to prevail and he

cannot be ineffective when the underlying claim is meritless.

> 4.       Failure to present evidence of motive for child to fantasize charges.

Counsel did in fact attempt to show that the child might have fabricated the story of

sexual abuse by Petitioner, the child's uncle, either because she had seen her mother and father

having sex or because she had been scolded for snooping in her aunt's "sex toy drawer" or

because her mother had coerced her into make the allegations.  His failure to convince the jury

that the child fabricated the abuse is not ineffective assistance.

5.       Failure to object to closure of courtroom during child's testimony.

This claim is patently without merit, as the state court found.  Under Florida law, when a

child under the age of 16 "is testifying concerning any sex offense, the court shall clear the

courtroom of all persons," except for certain designated persons.  Fla. Stat. Ann. § 918.16.  The

closure of the courtroom is mandatory under these circumstances and requires no explanation.

Counsel was therefore not ineffective for failing to object to the closure of the courtroom during

the child's testimony.

> 6 & 7.  Failure to present reverse Williams Rule evidence and to object to court's
>             exclusion of such evidence and  on the ground that the evidence was relevant to
>             establish motive and failure properly to argue motion in limine under Florida law.

These two claims relate to in limine rulings made during trial.  Counsel attempted to

present evidence of prior unfounded allegations of sexual abuse by the child against her father,

but the court granted the State's in limine motion and prohibited the introduction of that

evidence.  Counsel cannot be faulted for failing to prevail on the merits of this motion.  This

applies equally to counsel's attempt to elicit testimony regarding the child's statement to law enforcement that there were "good lies" and "bad lies."   As to this claim, Petitioner maintains that counsel should have argued the motion under Fla. Stat. Ann. § 90.614, and his failure to present the issue under that rule of evidence was ineffective.  This is plainly an attack on counsel's strategy, which was reasonable, and therefore, unassailable under *Strickland*.

       8.      Failure to impeach child's testimony with prior inconsistent statements.

Obviously, the jury recognized the inconsistency in the child's videotaped interview and her trial testimony regarding whether she had been penetrated by the purple dildo or touched by it.  Otherwise, Petitioner would have been convicted of the most serious offense in Count 1.  He was therefore not prejudiced by counsel's failure to question the child about this inconsistency.  As to counsel's failure to impeach her testimony regarding the dates of the abuse and whether she wanted further contact with Petitioner after the alleged incidents, these are matters of strategy related to the manner of questioning a child witness, particularly a young victim, and his handling of her cross-examination was reasonable.

       9.      Failure to move for exclusion of Petitioner's admissions to law enforcement.

In this claim, Petitioner charges that counsel was ineffective for failing to move for exclusion of his "alleged admission" under Fla. Stat. Ann. § 90.403.  More specifically, Petitioner claims that counsel should have sought to exclude testimony from a detective that when confronted with the child's allegations against him, Petitioner refused to call her a liar.  In Petitioner's view, counsel should have objected to the testimony because its probative value was substantially outweighed by the danger of unfair prejudice to him.

As noted, the state court found that counsel was not ineffective for failing to object to this

line of questioning beyond the objection he lodged when Petitioner was on the witness stand,

which was sustained.  The detective's testimony was certainly probative of Petitioner's state of

mind at the time of the interview, and while detrimental to him, it was not unfairly prejudicial.

Thus, counsel had no basis for objection under §90.403.  When the prosecutor tried to get

Petitioner to call the child a liar during trial, counsel successfully objected to the questioning,

and then on redirect, he carefully elicited an unequivocal denial of wrongdoing from Petitioner

without directly impugning the child's integrity and honesty.  Counsel's actions were plainly

within the realm of what other reasonable, competent attorneys would have done when faced

with this type of evidence.  The state court decision is therefore not contrary to or an

unreasonable application of *Strickland*.

> 10.     Failure to make proper objections to prosecutorial misconduct and to move for
>            mistrial.

This claim is part and parcel of the claim raised in Ground Nine.  According to Petitioner,

counsel's successful objections to the vouching for the child's trustworthiness and the refusal of

Petitioner to call her a liar were insufficient, and he should have moved for a mistrial since the

prosecutor's actions amounted to misconduct.  As the court noted, counsel is not ineffective

when he properly objects and is overruled.  Further, a court will grant a mistrial only when

"necessary to ensure that the defendant receives a fair trial." *Cole v. State*, 701 So.2d 845, 853

(Fla. 1997).  When a comment from a witness forms the basis of the mistrial request, the court

examines whether the "remark was...so prejudicial as to require reversal...." *Id*.

With regard to the officer's vouching for the child's trustworthiness, the court sustained

counsel's objection and directed the jury to disregard the isolated statement.  There is not a

reasonable probability that the court would have granted a mistrial based on this one comment, as it was not so prejudicial as to require reversal.  As to the other matters related to Petitioner's refusal to call the child a liar, counsel successfully stopped the line of questioning and, again, there is not a reasonable probability that the court would have granted a mistrial based on the prosecutor's questions.  The state court decision was not contrary to nor an unreasonable application of *Strickland*.

## CONCLUSION

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus, Doc. 1, be **DENIED**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this  _**19**th_  day of May, 2008.


*s/ A.  KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**